# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SHANNON HOOPER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>JERRY INSURANCE AGENCY, INC.,<br><br>*Defendant*. | Case No. _____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 1446, with full reservations of all right and defenses, Defendant Jerry Insurance Agency, LLC (erroneously sued as "Jerry Insurance Agency, Inc." and hereafter "Defendant"), hereby removes the above-entitled civil action, and all claims and causes of action therein, from the Ninth Judicial Circuit Court in and for Orange County, Florida, Case No. 22-CA-2971, to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, Defendant states as follows:

### I.  Background

1.  On April 7, 2022, this action was commenced by Shannon Hooper ("Plaintiff") by the filing of a Complaint alleging purported claims under the Florida Telephone Solicitation Act ("FTSA") in the Ninth Judicial Circuit Court in and for

Orange County, Florida, Case No. 22-CA-2971, entitled *Shannon Hooper v. Jerry Insurance Agency, Inc.* based on alleged text messages and/or phone calls that Plaintiff purportedly received on her cellular phone without her consent, in violation of the FTSA. On April 12, 2022, Plaintiff amended the Complaint to add a claim under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), based on those same alleged text messages and/or phone calls (the "State Court Action").

2. Though Defendant denies any wrongdoing, this suit arises from telephone calls to Plaintiff's cellular telephone that were allegedly caused by Defendant or on behalf of Defendant and/or that Plaintiff otherwise alleges violated the TCPA and FTSA.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the operative Amended Complaint in the State Court Action is attached hereto as **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served upon Defendant in the State Court Action, including the original Complaint, are attached to this Notice as **Exhibit B**. A true and correct copy of the Register of Actions from the State Court Action is attached to this Notice as **Exhibit C**.

5. Defendant was purportedly served with copies of the Summons and Amended Complaint on April 19, 2022. *See* Exhibit B (Return of Service).

6. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

7. As all procedural and substantive requirements related to the removal of this action have been performed or otherwise satisfied, as reflected below, Defendant now timely and respectfully removes the State Court Action to this Court.

## II.  Basis for Jurisdiction

8. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 1446.  These claims could and should have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States."

9. Plaintiff's Complaint asserts violations of a federal law, namely the TCPA.  *See generally* Exhibit A, attached.  The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States.  As such, this Court has federal question jurisdiction over this matter.  *See also Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.")

(internal citations omitted).

10. Moreover, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

11. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over any state law and common law claims, as such claims are related to the TCPA claim over which this Court has original jurisdiction that it forms part of the same case and controversy under Article III of the United States Constitution. This includes Plaintiff's FTSA claim.

### III. Defendant Has Satisfied all the Procedural Requirements for Removal

12. Pursuant to 28 U.S.C. § 1441(a), the present action may be removed to the United States District Court for the Middle District of Florida.

13. Under 28 U.S.C. § 1446(b), Defendant is timely removing this action within 30 days of the date of service, which was purportedly on April 8, 2022.

14. Defendant will promptly serve a copy of this Notice upon all counsel of record in the State Court Action and will file a copy of this Notice with the Clerk of the Court in the State Court Action pursuant to 28 U.S.C. § 1446(d).

15. In accordance with 28 U.S.C. § 1446, copies of all process and papers

received by Defendant in the State Court Action have been attached to this Notice.

16. No other defendants have been named in the State Court Action, and therefore, no joinder of additional defendants to this removal is necessary.

17. Therefore, all procedural requirements for removal have been satisfied.

### IV. Venue

18. Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because this action was brought in the Ninth Judicial Circuit Court in and for Orange County, Florida, which is in the same District as the United States District Court for the Middle District of Florida. Venue is also proper in this District under 28 U.S.C. §1391(b), to the extent that Plaintiff alleges that "Defendant made or caused to be made telephonic sales calls into Florida" and that she "received such calls while residing in and physically present in Florida." *See* Exhibit A at ¶ 10.

19. Defendant hereby reserves all rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as to amend or supplement this Notice of Removal.

### V. Conclusion

Defendant respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that the Court grant Defendant such other relief to which it is justly entitled.

| | |
|---|---|
| Dated: May 6, 2022 | Respectfully Submitted, |

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
  Yaniv Adar, Esq.*
  Florida Bar No. 63804
  yaniv@markmigdal.com
  Josh A. Migdal, Esq.
  Florida Bar No. 19136
  josh@markmigdal.com
  eservice@markmigdal.com

*Attorneys for Defendant*

*Designated Lead Counsel Pursuant to L.R. 2.02(a)

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on May 6, 2022, which served same electronically upon all counsel of record.

/s/     Yaniv Adar
Yaniv Adar, Esq.
Florida Bar No. 63804
